**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JACOB LARRAGOITE, individually and on
behalf of all similarly situated individuals,

        Plaintiffs,

    -vs-                                                                                                                                                                    No. CIV 98-1545 JC/LFG

HEITMAN PROPERTIES OF NEW MEXICO, LLC,
d/b/a CORONADO CENTER; STT, INC.; and
CITY OF ALBUQUERQUE, a municipal corporation
and political subdivision of the State of New Mexico,
and STT, INC., a Michigan Corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiffs' Objection to and Appeal from Magistrate's Order Granting Defendants' Motion to Stay Consideration of Plaintiffs' Application for Preliminary Injunction, filed November 5, 1999 *(Doc. 64)*. The Court has reviewed the motions, the memoranda submitted by the parties, the order of the Magistrate Judge, and the relevant authorities. Oral argument would not assist the Court in its disposition of this matter and therefore will not be heard. The Court finds that Plaintiffs' Objections and Appeal are not well taken and will be denied, therefore, the Magistrate Judge's Order will be affirmed.

**I.**      **Background**

This lawsuit involves allegations that Defendants have deprived Hispanic youth of their constitutionally protected rights by engaging in a pattern and practice of illegal stops, detentions, arrests, searches and seizures at various shopping malls in Albuquerque. Plaintiffs, through a series

of substitutions and deletions of named representatives, purports to represent a class consisting of all Hispanic individuals under twenty-one years of age who were unlawfully arrested or otherwise detained and photographed and/or otherwise required by Defendants to identify themselves, even though they were never charged with any crime. *See* Third Am. Class Action Compl. for Damages, filed Dec. 21, 1999 *(Doc. 109)*. Plaintiffs have not yet filed a motion for class certification, and no ruling has been made on that issue. Pending a ruling on the issue of class certification, discovery was limited to those issues pertaining to class certification under FED. R. CIV. P. 23(a). *See* Initial Scheduling Order, filed May 3, 1999 *(Doc. 24)*.

In September 1999, approximately nine months after filing the initial complaint, Plaintiffs filed a motion for preliminary injunction alleging that class members would suffer irreparable harm unless Defendants were preliminarily enjoined from unlawfully arresting, detaining, banishing, coercively identifying, photographing, handcuffing, assaulting or otherwise molesting Plaintiffs. *See* Pls.' Mot. for Prelim. Inj., filed Sept. 13, 1999 *(Doc. 59)*. Defendants countered with a Motion to Stay Plaintiffs' Motion for Preliminary Injunction or, Alternatively, to Compel Production of Data Underlying Affidavits Supporting Preliminary Injunction Motion and to Set Discovery and Briefing Schedules on the Motion, and Request for Expedited Hearing, filed on September 30, 1999 *(Doc. 64)*. On referral from the District Court, pursuant to 28 U.S.C. § 636(b)(1)(A), the motion to stay was granted by United States Magistrate Judge Lorenzo F. Garcia. *See* Mem. Op. and Order Granting Mot. to Stay Pls.' Mot. for Prelim. Inj., filed Oct. 26, 1999 *(Doc. 89)*. Plaintiffs appeal Magistrate Judge Garcia's Order under FED. R. CIV. P. 72 which allows the District Court to "modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).

## II. Analysis

### A. The Magistrate Judge Did Not Exceed His Authority Under 28 U.S.C. § 636(b)(1)(A)

Before I consider whether the Magistrate Judge's order was clearly erroneous, I must first address Plaintiffs' assertion that the Magistrate Judge was without jurisdiction to issue the stay. In 1968, Congress enacted the Federal Magistrates Act, 28 U.S.C. § 631, *et. seq.* The Act grew from Congress' recognition that a multitude of new statutes and regulations had created an avalanche of additional work for the district courts which could be performed only by multiplying the number of judges or giving judges additional assistance. *See Matthews v. Weber*, 423 U.S. 261, 268 (1976). Through a series of enactments, Congress has progressively developed and expanded the scope of Magistrate Judges' responsibilities. *See* 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3066 (1997); *see also Nat'l Excess Ins. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 402 (D.N.M. 1991). As the Act is currently written, Magistrate Judges have authority to rule on non-dispositive and even some dispositive issues before trial. 28 U.S.C. § 636(b)(1)(A). Included among the permitted responsibilities is the authority "to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief." *Id.*

First, Plaintiffs rely on *Rolo v. General Dev. Corp.*, 949 F.2d 695 (3d Cir. 1991), for the proposition that the Magistrate Judge effectively denied their motion for a preliminary injunction by ordering a stay, and therefore, the order was outside his jurisdictional powers. *See* Pls.' Objections and Appeal at 10. However, Plaintiffs' reliance on *Rolo* is misplaced. In *Rolo*, the Third Circuit determined that orders that have "the practical effect of granting or denying injunctions" and "have serious, perhaps irreparable consequence" may be appealable. *See Rolo*, 949 F.2d at 702-03. The

Third Circuit did not conclude that every stay of a motion for preliminary injunction shall be treated as a denial of a preliminary injunction motion. In this case, the Magistrate Judge held that the motion for preliminary injunction may be re-filed after discovery on the merits has begun and/or after the issue of class certification has been resolved. *See* Mem. Op. and Order Granting Mot. to Stay Pls.' Mot. for Prelim. Inj. at 11. Therefore, the decision did not effectively deny the injunction, it merely postponed it, and *Rolo* does not apply. Thus, Plaintiffs' assertion that the Magistrate Judge overstepped his jurisdictional authority on this ground is not well taken.

Plaintiff next argues that Magistrate Judge Garcia exceeded his jurisdiction by considering the merits of the underlying motion for a preliminary injunction when he issued the stay. *See* Pls.' Objections and Appeal at 9. On the contrary, the Magistrate Judge merely considered the *standard* for a preliminary injunction when he determined the stay was appropriate. *See* Mem. Op. and Order Granting Mot. to Stay Pls.' Mot. for Prelim. Inj. at 4.[1] The Magistrate Judge examined Plaintiffs' likelihood of success on their motion for preliminary injunction and concluded that Plaintiffs had failed to establish a threshold showing that they would suffer irreparable harm if the stay was granted. *See id.* at 8. Thus, Magistrate Judge Garcia determined that Plaintiffs would not likely succeed on their motion for a preliminary injunction. While the Magistrate Judge also considered whether Plaintiffs would be able to demonstrate that either their own or the public's interests weigh in favor

---

[1] The Magistrate Judge stated:

In resolving Defendants' rather unusual Motion to Stay, it makes sense for this Court to ask whether Plaintiffs are likely to prevail on their Motion for Preliminary Injunction, in much the same way that the Court makes a determination of the likelihood that a plaintiff will prevail on the merits in resolving a motion for preliminary injunction.

*See* Mem. Op. and Order Granting Mot. to Stay Pls.' Mot. for Prelim. Inj. at 8.

of a preliminary injunction, having found no irreparable harm, he declined to address the issue of whether Plaintiffs were likely to prevail on the merits of the underlying claim. *See id.* at 10.

The Magistrate Judge's findings were made only to assist in his analysis of the stay and to provide an explanation for his ruling. The Magistrate Judge specifically refrained from addressing the merits of Plaintiffs' Motion for Preliminary Injunction, and his conclusions are irrelevant to the future adjudication of Plaintiffs' motion for preliminary injunction in this Court. Accordingly, the Magistrate Judge did not exceed his jurisdiction when he granted Defendants' motion to stay the preliminary injunction.

### B. The Magistrate Judge's Order was not Clearly Erroneous or Contrary to Law

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court "shall consider objections made by the parties . . . and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).[2] Because a Magistrate Judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, a court will overrule the Magistrate Judge's determination only if this discretion is abused. *See Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991). The clearly erroneous standard, "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). This high hurdle is described by the Seventh Circuit as " more than just maybe or probably wrong; it must . . . strike

---

[2] FED. R. CIV. P. 72 sets forth in more detail the specific procedures to be followed after a matter has been referred to a Magistrate Judge pursuant to the Federal Magistrates Act.

us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Plaintiffs contend that the Magistrate Judge clearly erred or acted contrary to law when he concluded that Plaintiffs failed to satisfy the elements necessary for a preliminary injunction. *See* Pls.' Objections and Appeal from the Magistrate's Order at 12. It is important to reiterate that the Magistrate Judge only considered Plaintiffs' likelihood of success of satisfying the elements of a preliminary injunction in order to determine whether a stay was appropriate. The crucial component of the Magistrate Judge's ultimate holding was that Plaintiffs failed to demonstrate that they would suffer irreparable harm if the preliminary injunction was stayed. Therefore, this Court must determine whether the Magistrate Judge's finding that Plaintiffs would not suffer irreparable harm was clearly erroneous.

On the contrary, Magistrate Judge Garcia's well reasoned rationale reeks of anything but clear error. The Magistrate Judge based his analysis on the considerable delay between the initiation of this case and Plaintiffs' motion for preliminary injunction. Plaintiffs argue that the delay was reasonable and therefore "not a legitimate basis to deny injunctive relief." *See* Pls.' Objections and Appeal at 15.[3] While Plaintiffs may have an explanation for the delay, it does not erase the fact that the delay weakens their argument that speedy action is necessary in this case. Such a consideration is not clearly erroneous as it goes right to the heart of the issue of whether a stay was appropriate.

Plaintiffs also argue that violations of Fourth Amendment rights constitute *per se* irreparable injury for the purposes of a preliminary injunctive relief. *See* Pls.' Objections and Appeal at 22.

---

[3] As explained in Section II(A), *supra*, injunctive was relief was not denied. Relief was merely stayed until the class certification issue is resolved or until discovery on the merits has taken place.

However, Plaintiffs also fail to express what harm, if any, would befall them if the injunction was stayed. As Plaintiffs could not detail any specific harm which could not be rectified by compensatory damages at a later date, the Magistrate Judge concluded that in the interests of efficient case management and judicial economy, a stay was appropriate and would not impede on any future relief by Plaintiffs. His conclusion was neither clearly erroneous nor contrary to law.

Finally, Plaintiffs contend that the Magistrate Judge failed to consider the lawfulness of Defendants' conduct in granting the stay. *See* Pls.' Objections and Appeal at 13. However, the underlying case is a dispute regarding the legality of Defendants' conduct, a fact recognized by Plaintiffs. *See* Pls.' Objections and Appeal at 5. As evidenced by Plaintiffs' own argument, the Magistrate Judge is not authorized to address the merits of the underlying claims. *See* Section II(A), *supra*. Instead, because Magistrate Judge Garcia determined that Plaintiffs would not suffer irreparable injury if he stayed the motion for preliminary injunction, Magistrate Judge Garcia found that the injunction, and the requisite merits inquiry, could be postponed. His conclusion is again not clearly erroneous. First, a decision on the underlying merits of the case was not necessary to the disposition of the motion to stay. Judge Garcia found that monetary compensation would be sufficient in the event that Plaintiffs suffered any injury as a result of Defendants' actions. *See* Mem. Op. and Order Granting Mot. to Stay Pls.' Mot. for Prelim. Inj. at 9. Second, until the class certification issue is resolved, a decision on the merits would be extremely premature. Plaintiffs have amended their complaint for the third time to reflect a new class representative. *See* Third Am. Compl. Thus, it is still unclear whether Plaintiffs even have a suitable class representative to proceed as a class action. For the forgoing reasons, the order of the Magistrate Judge was not clearly erroneous or contrary to law.

### III. Conclusion

Plaintiffs have failed to demonstrate that the Magistrate Judge acted outside his jurisdictional authority in granting Defendants' motion to stay Plaintiffs' motion for preliminary injunction. Furthermore, the decision of the Magistrate Judge was not clearly erroneous or contrary to law. Instead, he properly considered the ramifications of granting the stay and determined that in the interest of judicial economy and efficient case management, the stay was appropriate.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Objections to and Appeal from Magistrate's Order Granting Defendants' Motion to Stay Consideration of Plaintiffs' Application for Preliminary Injunction, filed November 5, 1999 *(Doc. 64)* are hereby **denied**.

IT IS FURTHER ORDERED that the Magistrate Judge's Memorandum Opinion and Order Granting Motion to Stay Plaintiffs' Motion for Preliminary Injunction, filed October 26, 1999 *(Doc. 89)* is **affirmed**.

DATED this 17th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    John W. Boyd
    Eric J. Knapp
    Freedman, Boyd, Daniels, Hollander,
     Goldberg & Cline, P.A.
    Albuquerque, New Mexico

    Kathryn A. Hammel
    Cates & Hammel. P.C.
    Los Lunas, New Mexico

Counsel for Defendant Heitman:

    John R. Cooney
    Christopher P. Muirhead
    Modrall, Sperling, Roehl, Harris & Sisk, P.A.
    Albuquerque, New Mexico

    Don H. Reuben
    John F. Gibbons
    Jane B. McCullough
    Altheimer & Gray
    Chicago, Illinois

Counsel for Defendant City of Albuquerque:

    Bruce T. Thompson
    Kathryn Levy
    Assistant City Attorneys
    Albuquerque City Attorney's Office
    Albuquerque, New Mexico

Counsel for STT, Inc.:

    Alfred L. Green, Jr.
    Butt, Thornton & Baehr, P.C.
    Albuquerque, New Mexico