IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB LARRAGOITE, individually and on
behalf of all similarly situated individuals,

       Plaintiff,

       vs.                                                           No. CIV 98-1545 JC/LFG

HEITMAN PROPERTIES OF NEW MEXICO,
LLC, d/b/a CORONADO CENTER; STT, INC.; and
CITY OF ALBUQUERQUE, a Municipal Corporation
and political subdivision of the State of New Mexico,
and STT, INC., a Michigan corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       THIS MATTER came on for consideration of Plaintiff's Motion for Class Certification, filed March 16, 2000 *(Doc. 131)*, Defendants' Joint Motion to Strike Plaintiff's Summary Exhibits, filed April 6, 2000 *(Doc. 137)*, and Defendants' Motion to Strike the Testimony of Samuel Roll, Ph.D., filed April 6, 2000 *(Doc. 141)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that the motions are not well taken and will be denied.

**BACKGROUND**

       Coronado Center is a private shopping center managed by Defendant corporation Heitman Properties. Defendant STT Corporation contracts with the shopping mall to provide security guards. The security guards work in conjunction with Defendant Albuquerque Police Department, which maintains a substation at the mall. Plaintiff's claims arise out of Defendants' alleged practice of unlawfully arresting, detaining, coercively identifying and photographing, searching, and handcuffing young Hispanic visitors to Coronado Mall. Plaintiff alleges that these actions are taken without any

intent to charge the visitors with any crime.  Based on the allegations, Plaintiff seeks relief under the United States Constitution and for state law tort claims.

Presently, Plaintiff seeks to certify this matter as a class action under FED. R. CIV. P. 23. *See* Pl.'s Mot. for Class Certification, filed Mar. 16, 2000 *(Doc. 131)*.  In support of his motion, Plaintiff has submitted a number of exhibits, of which Defendants move to strike "summary exhibits" L, M, and N.  *See* Defs.' Joint Mot. to Strike Pl.'s Summ. Exs., filed Apr. 6, 2000 *(Doc. 137)*.  Also before the Court is Defendants' Motion to Strike the Testimony of Samuel Roll, Ph.D., filed Apr. 6, 2000 *(Doc.141)*.

## ANALYSIS

### I.    Plaintiff's Motion for Class Certification

#### A.    Standard

The purpose of the class-action device is to save the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion.  *See General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quotation omitted).  "[W]hether a case should be allowed to proceed as a class action involves intensely practical considerations, most of which are purely factual or fact-intensive."  *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). Accordingly, "[e]ach case must be decided on its own facts, on the basis of practicalities and prudential considerations."  *Id.* at 1309.

The decision to grant or deny certification of a class is at the discretion of the trial court. *See Reed,* 849 F.2d at1309.  When deciding a motion for class certification, the district court should accept the allegations contained in the complaint as true.  *See Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir.1975), *see also* 2 HERBERT NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 7.26 (3d ed.1992).  However, the Court "need not blindly rely on conclusory allegations

which parrot Rule 23 requirements [and] may . . . consider the legal and factual issues presented by plaintiff's complaints." NEWBERG & CONTE at § 7.26 (citing cases). When determining whether certification is proper, the court is prohibited from inquiring into the merits of the suit. *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988). The court may, however, go beyond the pleadings to the extent necessary to "understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir.1996).

**B.     Discussion**

Plaintiff's proposed class consists of "all Hispanic individuals under twenty-one years of age who, while on the premises of Coronado Center ("Mall"), were arrested or otherwise detained and photographed and/or otherwise required by the defendants to identify themselves, even though the individuals were never charged with having committed any crime." *See* Pl.'s Mot. at 1 *(Doc. 131)*. Plaintiff's proposed class period would run from December 21, 1995 until the date on which this Court rules on class certification. The definition of the class differs from that proposed in Plaintiff's Third Amended Complaint, filed December 22, 1999 (*Doc.109*), in that the word "unlawful" has been removed from the description of the type of detainment necessary for class membership.

"A party seeking to certify a class must demonstrate, under a strict burden of proof, that all the requirements of [Rule] 23(a) are clearly met." *Rex v. Owens*, 585 F.2d 432, 435 (10th Cir. 1978). Plaintiff must show that 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). In

addition, the putative class "must also satisfy one of the provisions of Rule 23(b)." *Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 423 (D.N.M. 1988).[1]

### *Numerosity*

The first requirement for class certification under Rule 23(a) is numerosity.  Relying on mall incident reports disclosed by the defendants, Plaintiff alleges that "480 individuals fit plaintiff's class" and that "of those, 352 were of Hispanic ethnicity."  Pl.'s Mem. in Supp. of Mot., filed March 16, 2000, at 11 (*Doc. 132*).  However, according to Plaintiff's definition of the putative class, the first criterion for membership in the proposed class is Hispanic ethnicity, therefore, all 480 individuals do not fit Plaintiff's putative class.

In fact, the actual number of individuals whose race is listed as Hispanic in the incident reports is only 264.  To arrive at the number 352, Plaintiff based the determination of the race of 88 individuals for whom no race was listed on the Mall's incident report forms on the individuals' last names.  Plaintiff chose to include those individuals with a "common or identifiably Hispanic surname" in the proposed class.  *See* Ex. L to Pl.'s Mot. *(Doc. 131)*.  Plaintiff recognizes the possibility of inaccuracy arising from this method of determining the race or ethnicity of an individual.  Therefore, based on the number of individuals identified as Hispanic on the Mall incident report forms, Plaintiff can only positively identify 264 possible members of his proposed class.

---

[1] Plaintiff proposes a class be certified under either FED. R. CIV. P. 23(b)(2), which states that

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . .

or 23(b)(3), which states that

> questions of law or fact common to the members of the class predominate over any questions affecting only the individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy. . . .

It is not necessary that Plaintiff establish the precise number of members to be included in a proposed class for purposes of determining that joinder is impracticable. *See, e.g., In re Computer Memories Securities Litig.*, 111 F.R.D. 675, 679 (N.D. Cal. 1986). Arguably, whether the class numbers 264 or 480, the group is sufficiently large as to make joinder of all members impracticable under Rule 23(a) and existing precedent. *See, e.g., Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270 (10th Cir. 1979) (46 class members sufficient to make joinder impracticable. However, implicit in Rule 23(a) is the prerequisite that a proposed class be identifiable. 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.22[3][b] at 67, 68 (3d ed. 1999); *Colorado Cross-Disability Coalition v. Taco Bell Corp.,* 184 F.R.D. 354, 356 (D. Colo. 1999). In this case, Defendants successfully argue that the class definition proposed by Plaintiff is subjective and overly broad, making it difficult for anyone but Plaintiff himself to ascertain who is a member of the putative class. Plaintiff's own witness has testified that the term "Hispanic" can mean many different things, some of which are dependent on the putative class members' beliefs and state of mind. *See* Dep. of Dr. Samuel Roll, Ph.D. at 80, attached to Def. Heitman Properties' Resp. to Pl.'s Mot., filed Mar 16, 2000 *(Doc. 133)*. Furthermore, an individual's race cannot be determined solely on the basis of his or her last name. As Plaintiff has offered unacceptable criteria upon which to base membership, the Court declines to find that Plaintiff has met the numerosity requirement of Rule 23(a)(1).

### *Commonality*

Assuming that Plaintiff is able to clarify the ethnicity of the putative class, the Court must address the remaining requirements of FED. R. CIV. P. 23(a). The second requirement for class certification under Rule 23(a) is commonality of legal or factual questions among the members of the class. The requirement of commonality tests the sufficiency of the class itself as a means for disposition of claims.

Common questions of law or fact presented by the class are deemed sufficient to establish commonality under FED. R. CIV. P. 23(a).  Under Rule 23(b)(2), "only a single issue common to the class" is required.  *J.B. v. Valdez*, 186 F.3d 1280,1288 (10th Cir. 1999).  Therefore, factual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist.  *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975).  Furthermore every member of the class need not be in a situation identical to that of the named plaintiff.  *See Rich v. Martin Marietta Corp.*, 522 F.2d 333, 340 (10th Cir. 1975).  Alternatively, in order to certify a class under Rule 23(b)(3), common questions of law or fact must predominate.  *See* FED. R. CIV. P. 23(b)(3).

In his Third Amended Complaint, Plaintiff alleges causes of action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 2000a for unlawful search and/or seizure and race discrimination, as well as pendent claims for assault, battery, false arrest, and false imprisonment.  See Third Am. Compl. at 3 *(Doc. 109)*.  In his Motion for Class Certification, Plaintiff has omitted the word "unlawfully" from his proposed class definition.  See Pl.'s Mot. at 1 *(Doc. 131)*.  As presently phrased, the description of the class would include both those who were lawfully stopped and those who were unlawfully stopped by Defendants.  Certainly those individuals who were lawfully detained by the officers would not have the same legal or factual issues as Plaintiff Larragoite, because Plaintiff Larragoite alleges to have been *illegally* detained by the defendants.  Regardless of whether the term is ultimately included, a highly individualized inquiry into the specific circumstances of Defendants' conduct with respect to each potential plaintiff is necessary to determine whether a potential class member would have legal or factual issues in common with Plaintiff Larragoite.

It is well settled that the class definition should not require the court to undertake an individualized inquiry to determine whether an individual is a member of the class.  *See Davoll v.*

-6-

*Webb*, 194 F.3d 1116, 1145 (10th Cir. 1999).  The Court should limit its inquiry to whether the plaintiffs satisfied the requirements of Rule 23.  *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974).  Because each class member's claim would necessitate an individualized inquiry into whether each individual was indeed searched or seized and, if so, the reasonableness of the search or seizure given the individual circumstances in order to determine liability, commonality is not met. Plaintiff's request for a preliminary determination of lawfulness goes beyond the limited analysis of substantive claims allowed by Rule 23 and extends to a decision on the merits as to each potential class member.  *See id.* at 177-78 (the court may not conduct a preliminary inquiry into the merits of the movant's case); *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993) (there is a distinction between identifying and analyzing substantive claims for the purposes of class certification and deciding those claims on their merits).

The Court finds that not only do the claims not predominate as required for certification under Rule 23(b)(3), but that Plaintiff has failed to demonstrate that the claims share a single common issue of law or fact as required for class certification under Rule 23(b)(2), since such a determination would require an individualized inquiry into each potential class members' claims.  Therefore, the Court finds that Plaintiff has failed to demonstrate the second requirement for class certification, that the claims share common issues of fact or law such that class certification is necessary.

Because Plaintiff has failed to meet the requisite conditions applicable to all class actions under Rule 23(a)(1) and 23(a)(2), it is not necessary for the Court to consider the putative class under Rule 23(b).  Plaintiff's motion for class certification will be denied.

**II.     Plaintiffs' Summary Exhibits and Testimony
        of Samuel Roll, Ph.D.**

Defendants objected to and moved to strike Plaintiff's summary exhibits L, M, and N from the Court's consideration of Plaintiff's motion for class certification for failure to comply with FED. R.

-8-

EVID. 1006. *See* Def.' Joint Mot. to Strike Pl.'s Summ. Exs., filed April 6, 2000 *(Doc. 137)*. Defendants also moved to strike the testimony of Samuel Roll, Ph.D., arguing that Dr. Roll's testimony does not meet the criteria for admissibility under FED. R. EVID. 702. *See* Mot. to Strike Test. of Samuel Roll, Ph.D., filed April 6, 2000 *(Doc. 141)*. In considering the motion for class certification, the Court took note of the nature of Plaintiff's supporting exhibits and the information contained within the exhibits and weighed them accordingly. Given that this case is in the early stage of litigation and the exhibits were submitted in support of a motion for class certification, the Court finds that Defendants' motions are not well taken at this time and will be denied.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Class Certification, filed March 16, 2000 (*Doc. 131* ), is **denied**.

IT IS FURTHER ORDERED that Defendants' Joint Motion to Strike Plaintiff's Summary Exhibits, filed April 6, 2000 *(Doc. 137)*, is **denied**.

IT IS FINALLY ORDERED that Defendants' Motion to Strike Testimony of Samuel Roll, Ph.D., filed April 6, 2000 *(Doc. 141)*, is **denied**.

DATED this 15th day of September, 2000.

John Edwards Conway
UNITED STATES DISTRICT JUDGE