IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB LARRAGOITE, individually,

          Plaintiff,

vs.                                             CIVIL NO. 98-1545 JC/LFG-ACE

CITY OF ALBUQUERQUE,

          Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Responses from Defendant City of Albuquerque to Plaintiff's First Interrogatories and Requests for Admissions [Doc. 267]. This motion was filed in April 2001, and the City's response was filed in July 2001. Pursuant to an agreement between the parties, Plaintiff did not file his reply until January 28, 2002. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

The dispute involves four "contention" interrogatories. The purpose of contention interrogatories is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut an answering party's position. Towner v. Med James, Inc., 1995 WL 477700 at *3 (D. Kan. August 9, 1995). An express provision for use of contention interrogatories appears in Fed. R. Civ. P. 33(c). The Rule provides in pertinent part:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

The Advisory Committee Notes for this rule state:

> Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. On the other hand, interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case.

Fed. R. Civ. P. 33 Advisory Committee Notes (1970 Amendments). These advisory notes clearly indicate that requests for opinions or contentions that call for application of law to fact are proper. Towner, 1995 WL 477700 at *3.

Here, there are four interrogatories in dispute. Plaintiff, Jacob Larragoite ("Larragoite"), asks Defendant City of Albuquerque ("City") to comment on the legality or illegality of acts allegedly committed by a former defendant, Heitman Properties of New Mexico, dba Coronado Center.[1] The contention interrogatories in this case were served at a time when the co-Defendant, Heitman, was still a party. The first interrogatory is as follows:

> Interrogatory No. 1. Does the City of Albuquerque contend that the arrest and/or detention of Jacob Larragoite by Coronado security on April 19, 1999 was lawful? If so, explain what the City contends to have been the legal basis for such arrest and/or detention.

Interrogatory No. 2 is similar.

> Interrogatory No. 2. Does the City of Albuquerque contend that the handcuffing of Jacob Larragoite by an STT, Inc., security guard was lawful? If so, explain your answer.

The third interrogatory asks the following:

---

[1] Larragoite settled his dispute with Heitman properties of New Mexico, and they have since been dismissed from this lawsuit.

> Interrogatory No. 22. Does the City of Albuquerque contend that STT guards may lawfully arrest or detain members of the public whom the guard(s) does not intend to request be charged with a crime? If not, why not? If so, explain the legal basis for your contention.

Finally, the last interrogatory in question is as follows:

> Interrogatory No. 38. Does the City of Albuquerque contend that its officers have the legal authority to arrest in order to require a visitor to a commercial premises to complete a "CT" form? If so, state the legal basis for such arrests.

City Defendants object to the interrogatories, contending in part that the interrogatories seek the mental impressions, conclusions, opinions and general legal theories of counsel for the City. Indeed, to a certain extent, this is true, but that does not make the interrogatories improper.

> We begin with an abecedarian variety: not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule.

In Re San Juan DuPont Plaza Hote Fire Litigation, 859 F.2d 1007, 1015 (1st Cir. 1988). Here, a contention interrogatory does, indeed, ask for the City's opinions and contentions, but Rule 33 expressly permits this. In Steil v. Humana Kansas City, Inc., the court commented on this same argument relating to contention interrogatories:

> Interrogatories inquiring about specific issues technically call for opinions and conclusions, but they are properly calculated to identify and narrow issues and to lead to the discovery of relevant evidence.

Steil, 197 F.R.D. 445, 447 (D. Kan. 2000), *citing* Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 664 (D. Kan. 1996). Thus, the fact that the interrogatory seeks mental impressions, conclusions or opinions, is not sufficient to sustain Defendant's objections.

City also objects on the basis that this interrogatory requires the City to comment on the conduct of a former defendant. As noted above, Larragoite sued both Heitman Properties of New Mexico, LTD, the management company involved in the Coronado Center, and STT, Inc., the company responsible for mall security, and the City of Albuquerque. Larragoite alleged "joint conduct." Thus, even though all parties other than the City have settled, the dispute between Larragoite and the City remains.

City argues that the only cause of action against the City is the claim of municipal liability under 42 U.S.C. § 1983, and that these claims are separate and distinct from claims of individual liability. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978). City argues that recovery from a municipality is limited to acts that the municipality has officially sanctioned or ordered, and that *respondeat superior* cannot form the basis of Section 1983 liability.

The Court agrees with the City's legal assessment, but Larragoite's claims of joint activity by City police officers and private security guards keep this case alive. Thus, it is still appropriate for Larragoite to ask, as it does in Interrogatory No. 1, whether the City contends that the arrest and/or detention of Jacob Larragoite was lawful. As previously indicated, it is proper at this stage of the process for one party to ask the other party's opinion or contention relating to fact or to application of law to fact. Fed. R. Civ. P. 33(c). Moreover, the interrogatory may reasonably ask for the material or principal facts which support the party's contentions. IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998).

The Court will direct the City to answer Interrogatories 1 and 2. The Court, however, cautions, while a party may ask the opposing party to state the facts which support the party's

contention, the interrogatory should not be read broadly enough "[t]o require specifically 'each and every' fact in application of law to fact . . . .[because that] would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." <u>IBP, Inc.</u>, 179 F.R.D. at 321. Thus, the City may express its opinion and state a basis for the opinion. The City need not state "each and every" basis or reason for its opinion.

Interrogatories 22 and 38 are different than Interrogatories 1 and 2. In the prior interrogatories, Larragoite appropriately asked for City's opinion concerning a particular set of facts, that is, the arrest/detention and handcuffing of Jacob Larragoite. The circumstances involving that incident are known to the parties. Thus, under a particular set of facts, Larragoite was asking City to state an opinion. "Requests for opinions or contentions that call for the application of law to fact are proper." <u>Towner</u>, 1995 WL 477700 at *3 (D. Kan. 1995).

The remaining interrogatories, however, simply ask City to state a legal opinion without specific regard to a set of facts. Rule 33(b) does not authorize a question that asks for a pure legal conclusion without application to the facts. <u>Coles v. Jenkins</u>, 179 F.R.D. 179, 181 (W.D. Va. 1998); Baker McKee Jansen Corr, <u>Federal Rules Handbook</u>, 580-81 (2001). The Court concludes that these two interrogatories are improper.

Thus, the Court grants Larragoite's motion to compel answers to Interrogatories 1 and 2; but denies Larragoite's motion to compel answers to Interrogatories 22 and 38. City should supplement its answers to Interrogatories 1 and 2 within ten days.

                                            */s/ Lorenzo F. Garcia*
                                            Lorenzo F. Garcia
                                            United States Magistrate Judge