FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

02 JUN 10 PM 3: 13

JACOB LARRAGOITE, individually and on behalf
of all similarly situated individuals,

         *Plaintiffs,*

v.                               No. CIV 98-1545 BB/LFG-ACE

HEITMAN PROPERTIES OF NEW MEXICO,
LLC, d/b/a CORONADO CENTER; *et al.,*

         *Defendants.*

**PLAINTIFF'S REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**FINDINGS OF FACT:**

1. Plaintiff Larragoite incorporates by reference the findings of fact set forth in the Court's summary judgment of April 22, 2002.

2. The Albuquerque Police Department follows a practice under which its officers respond to requests by Coronado Mall security guards to come to Coronado Mall and participate in the process of issuing certain mall visitors "criminal trespass" ("CT") notices.

3. The purpose of the CT notices is to facilitate the future prosecution for criminal trespass of persons that Coronado Mall security has determined should not return to the mall for a period of 90 days, pursuant to the City of Albuquerque's criminal trespass notification procedure.

4. Criminal trespass notices are often given to persons who have not committed any crime, but have committed what in the private security guard's view is a Coronado Center rule infraction or have engaged in other undesirable behavior.



5. When Coronado center security guards determine to give such a person a CT notice, the guards hold the person by force or threat of force in order to complete the CT process, which includes filling out the CT form and photographing the person who is to be ordered not to return.

6. In order to complete the CT form, an Albuquerque Police Department officer must sign it.

7. When the Albuquerque Police Officer comes to the location where the mall visitor is being held, or when the mall visitor is brought by mall security to the police substation at Coronado Mall, the Albuquerque Police Officer assumes control and responsibility for the arrest of the mall visitor who is to be CT'd.

8. The Albuquerque Police Department has a policy or practice under which it responds to such calls at Coronado Mall with knowledge that persons to be "CT'd" are not to be charged with a crime, have committed no crime and are being detained by force or threat of force by Coronado security guards.

9. Albuquerque Police Department officers, pursuant to the foregoing policy or practice, assume responsibility and control over these arrests when they arrive in response to calls by Coronado Security to participate in a "CT."

10. Albuquerque Police Department officers, and the City of Albuquerque Police Department command know or should know that they may not arrest except for felonies for which they have probable cause or for misdemeanors committed in their presence, with certain exceptions not applicable to the issues in this case.

11. Pursuant to the foregoing practice or policy, Albuquerque Police Department officers and the Albuquerque Police Department permit the use of the APD substation at Coronado Mall

by Coronado's private security guards for the purpose of carrying out the "CT" process, including photographing, obtaining identifying information and obtaining signatures on the CT notice.

12. Jacob Larragoite is currently a resident of California. He was raised in Albuquerque, his family lives in Albuquerque and he frequently returns to Albuquerque.

13. Larragoite would like to shop at Coronado Mall, and would go to Coronado Mall but for his fear that he will expose himself to the practices of the police and private security guards that are the subject of this litigation.

14. Larragoite's reasonable fear that he may be arrested at Coronado Mall by Albuquerque Police, without probable cause or reasonable suspicion, is causing him irreparable harm.

15. It is reasonable for Larragoite to refrain from shopping at Coronado Mall in light of the policies by Albuquerque Police Department that are the subject of this litigation and it is causing him irreparable harm to be forced to choose either to refrain from shopping at Coronado Mall or to shop there and expose himself to the risk of harm arising from the unconstitutional conduct of the Albuquerque Police Department.

16. It is reasonably likely that the conduct of which Larragoite complains will recur at Coronado Mall unless it is enjoined.

17. The practices of the Albuquerque Police Department that are the subject of this litigation are likely to continue unless enjoined.

18. The effect of the practices at issue in this case is that the Albuquerque Police Department tacitly consents to unlawful arrests by private security guards and agrees to participate in them at the private security guard's request.

3

**CONCLUSIONS OF LAW:**

1.  Private security guards do not possess authority to arrest in order to carry out a "CT" process involving someone the guard wishes to ban from Coronado Mall. Such arrests are unlawful and in violation of the Fourth Amendment to the United States Constitution.

2.  It violates the Fourth, Fifth and Fourteenth Amendments to the United States Constitution for APD to arrest someone or to participate in the arrest of someone when the officer lacks probable cause to believe that the person has committed a felony, where the officer has not observed the person commit a misdemeanor in the officer's presence and/or where there is another statutory basis for the arrest. In addition, it similarly unconstitutional for a police officer to temporarily detain a person where the officer is not investigating a crime and reasonably suspects that the person detained may be engaged in criminal activity.

3.  When an APD officer assumes control over a person who has been arrested by a private security guard unlawfully, the APD officer is continuing the unlawful arrest and becomes legally responsible for the unlawful arrest.

4.  The policy or practice of APD of assuming responsibility for, participating in, and/or continuing the arrest of persons who have been unlawfully arrested by private security guards constitutes an unlawful arrest.

5.  Plaintiff Larragoite has standing to complain of the practices that are the subject of this litigation.

6.  The policies and practices of the Albuquerque Police Department that are the subject of this litigation should be enjoined. Specifically, the Albuquerque Police Department should be enjoined from agreeing to participate in or participating in any fashion in "CT" processes that

4

depend on or include the detention and/or arrest of persons who are not accused of criminal conduct of a type and nature that can legally justify a citizen's arrest or an arrest by a private person under any applicable statute, such as New Mexico statutes relating to shoplifting. APD should be enjoined from responding to requests that it participate in a "CT" process at Coronado Mall unless the Mall representative informs APD that the person to be CD'd has been placed under citizen's arrest or arrested for shoplifting or for theft of services pursuant to New Mexico statute.

7. Plaintiff has no adequate remedy at law.

8. The public interest will be served by entry of an injunction.

9. Plaintiff has met the requirements for an injunction.

FREEDMAN BOYD DANIELS
HOLLANDER GOLDBERG & CLINE P.A.

By_____
        JOHN W. BOYD
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
Telephone: (505) 842-9960

ACLU of New Mexico
Philip B. Davis
814 Marquette Avenue, N.W.
Albuquerque, NM 87102
(505) 242-1904

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing pleading was sent by facsimile this 10th day of June 2002 to:

Kathryn Levy
Assistant City Attorneys
P.O. Box 2248
Albuquerque, NM 87103
***Attorneys for City of Albuquerque***
Facsimile: 505-768-4525

_____
John W. Boyd