IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB LARRAGOITE,

    Plaintiff,

v.    CIV 98-1545 BB/LFG

CITY OF ALBUQUERQUE,

    Defendant.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant City of Albuquerque, through Assistant City Attorney Kathryn Levy, hereby submits its Proposed Findings of Fact and Conclusions of Law:

## PROPOSED FINDINGS OF FACT

1. Defendant City of Albuquerque is a municipal corporation and a political subdivision of the State of New Mexico, located in Bernalillo County, New Mexico.

2. The Albuquerque Police Department (hereinafter "APD") is an administrative department of the City of Albuquerque.

3. APD maintains certain standard operating procedures regarding the crime of criminal trespass, which procedures are used with businesses and citizens throughout the City of Albuquerque.

4. APD provides merchants and Coronado Mall management the same type of police services and protection it provides to all businesses and merchants throughout the City.

1

5. APD does not participate or cooperate in unlawful activities, if any, by Coronado Mall security relating to the arrest and detention of persons mall management wishes to exclude from its property.

6. APD makes an independent investigation of each call for assistance it receives from Coronado Mall management, its security personnel or merchants.

7. It is standard policy for APD officers to be dispatched through APD's central dispatch before responding to calls for assistance at Coronado Mall, whether from mall management, security personnel, merchants or citizens.

8. At some time, before or after July 10, 2001, STT, Inc. revised it policies regarding the detention of individuals for purposes of obtaining identification of those individuals. Counsel for Plaintiff participated in the revision and approved the revisions.

9. Plaintiff Larragoite has no credible apprehension of fear of arrest or detention by mall security personnel when he is shopping at the mall.

10 APD does not act at the direction or instruction of Coronado Mall management, its security personnel or its merchants.

11. APD does not enforce mall rules of conduct or policies or assist or cooperate in their enforcement by mall security personnel.

12. The City of Albuquerque does not maintain any unconstitutional or illegal policy, custom or practice in the manner in which it provides police services to Coronado Mall, its merchants, patrons or mall security personnel.

## PROPOSED CONCLUSIONS OF LAW

1. Plaintiff has failed to establish that he is in danger of sustaining substantial and immediate injury if the preliminary injunction is not granted.

2. Plaintiff has failed to show the likelihood that any injury he claims to have suffered as a result of any detention at Coronado Mall by mall security personnel will recur in the future.

3. Plaintiff has no standing to bring this cause of action.

4. In the event Plaintiff is detained by mall security officers in the future, he has an adequate remedy at law.

5. No actions of APD caused Plaintiff a constitutional harm.

6. Plaintiff suffered no constitutional deprivation by the actions of APD which resulted from a custom or widespread practice of APD so well settled as to have the force of law.

7. Plaintiff has failed to meet his burden of proof that he has suffered or will suffer irreparable harm.

8. Plaintiff is not entitled to a preliminary injunction.

9. Plaintiff's claims against the City of Albuquerque should be dismissed.

Respectfully submitted,

CITY OF ALBUQUERQUE
Robert M. White
City Attorney

_/s/ Kathryn Levy_
Kathryn Levy
Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
Phone: (505) 768-4500; fax 768-4440

I hereby certify that a true copy of the foregoing
was mailed to the following counsel of record:

John W. Boyd
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960

on this 10th day of June, 2002.

_____
Kathryn Levy